UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
LAWRENCE SAVOCA,                                :
          Petitioner,               :     **ORDER**
                                       :
v.                                                            :     16 CV 4465 (VB)
                                       :     03 CR 841-01 (VB)
UNITED STATES OF AMERICA,              :
          Respondent.            :
------------------------------------------------------x

      In a summary order dated November 29, 2022, the Second Circuit vacated the portion of
its December 29, 2021, opinion that addressed petitioner's conviction under 18 U.S.C. § 924(c),
and remanded the case to this Court "to determine whether the sentencing court sentenced
Lawrence Savoca under § 924(c)(3)(A) [the "elements clause"] or § 924(c)(3)(B) (the "residual
clause"]."  As the parties are of course aware, sentencing in this case took place before a
different judge nearly eighteen years ago, which makes the Court's task a challenging one.

      Accordingly, counsel are directed to meet and confer, and by **December 19, 2022,** submit
a joint letter setting forth how they propose this process should proceed, including what parts
of the record should be reviewed and on what timeline.  The Circuit stated that "the parties appear
to agree that the record from the sentencing court" does not answer the question of whether
Savoca's conviction was based on the elements clause or the residual clause, and suggested that
on remand this Court review "a wide range of materials" relating to sentencing.  In addition to
the items mentioned by the Circuit, this Court believes it would be necessary and appropriate to
review other portions of the record, such as the parties' opening statements and closing
arguments, the trial court's final instructions to the jury, and the verdict sheet.

      In its summary order, the Circuit also said that if the record is unclear as to which clause
was the basis for the conviction, this Court "may consider background legal conditions at the
time of sentencing."  The parties' joint letter should address this matter as well.

      The Court will decide how best to proceed after reviewing the parties' joint letter.

Dated:  December 5, 2022
       White Plains, NY

                        SO ORDERED:

                        Vincent L. Briccetti
                        United States District Judge